```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO.  08-61274-CIV-COHN
                                    MAGISTRATE JUDGE P. A. WHITE

CLEVELAND JONES,                :

     Plaintiff,                 :

v.                              :        REPORT OF
                                         MAGISTRATE JUDGE
MONICA DAVID, ET AL.,           :

     Defendants.                :
_____
```

## I. Introduction

This Cause is before the Court upon the plaintiff Cleveland Jones' Second Amended Complaint, filed in the Northern District of Florida and transferred to this Court. [DE# 23].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

>              \*   \*   \*
>
> (B) the action or appeal –
>
>              \*   \*   \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff alleges that FDOC probation officer Tony Porter violated his constitutional rights when he forced him to submit to a urine test after the expiration of his period of conditional release.  The plaintiff was found to have cocaine in his urine

sample and his conditional release was revoked and he was returned to FDOC custody until February 1, 2008.  The plaintiff seeks monetary damages and other relief.

The plaintiff claims specifically that Porter violated his First Amendment rights because Porter searched him only because the plaintiff had associated with his brother.  The plaintiff also alleges that his Fourth Amendment rights were violated by the illegal search and seizure, and that his Eighth Amendment rights were violated because Porter engaged in cruel and unusual punishment.

The Undersigned finds that the plaintiff has stated sufficient facts to support a Fourth Amendment claim that should proceed beyond this initial screening.  The Undersigned further finds that the plaintiff has failed to state a claim under the First or Eighth Amendments.

According to the FDOC records contained on its website, the plaintiff was released from custody on February 1, 2008.  It is unclear whether the plaintiff is on any type of conditional or supervised release.  The plaintiff filed the Operative Complaint from prison on January 30, 2008.  At this time, a habeas corpus action may no longer be available to the plaintiff to challenge the apparent revocation of conditional release because he may no longer be in custody, and as such his claims would not be barred by Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).  Pursuant to Heck, when a claim for damages in a civil rights case wherein a judgment in favor of the plaintiff would necessarily imply the invalidity of a conviction or sentence, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state

4

tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, supra. This complaint is, in essence, a challenge to the fact or length of the plaintiff's past incarceration based on the revocation of supervised release, and if the plaintiff has an avenue to challenge the past custody this case may be Heck-barred because he has not stated that the revocation of supervised release has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.[1]

The Supreme Court has not determined whether Heck applies when a plaintiff has been released from custody and is no longer able to challenge past custody in a post-conviction proceeding. In Heck, the Court stated, "[w]e think the principle barring collateral attacks [on criminal convictions] - a longstanding and deeply rooted feature of both the common law and our own jurisprudence - is not rendered inapplicable by the fortuity that a convicted

---

[1] The Courts have extended the holding of Heck to claims for damages brought by prisoners attacking the validity of a confinement resulting from probation or parole revocation proceedings. See Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5 Cir. 1995) (§1983; parole and probation); Cooper v. Missouri Parole Bd., 68 F.3d 478, 1995 WL 611399 (8 Cir. 1995) (text in Westlaw) (plaintiff's claim that current Missouri parole statute violated Ex Post Facto Clause is a claim that the parole board was applying wrong law to him to deny parole, and therefore was an attack on plaintiff's duration of confinement, warranting dismissal pursuant to Heck); Shafer v. Moore, 46 F.3d 43 (8 Cir. 1995) (dismissing §1983 claim under Heck, where plaintiff attacked constitutionality of denial of his parole as an ex post facto violation). See also McGrew v. Texas Bd of Pardons & Paroles, 47 F.3d 158, 161 (5 Cir. 1995) (§1983; supervised release); Copus v. Edgerton et al., 959 F.Supp. 1047, 1053 (W.D. Wis. 1997) (§1983; probation).

criminal is no longer incarcerated." Heck, 512 U.S. at 490 n. 10. However, in a later decision, Spencer v. Kemna, "a combination of five concurring and dissenting Justices agreed in dicta that 'a former prisoner, no longer in custody, may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy.'" Entzi v. Redmann, 485 F.3d 998, 1003 (8 Cir. 2007) (quoting Spencer v. Kemna, 523 U.S. 1, 21 (1998)). The Eleventh Circuit also has not considered this issue. See Abusaid v. Hillsborough County Bd. of County Comm'rs, 405 F.3d 1298, 1315 n. 9 (11 Cir. 2005) (noting that the Eleventh Circuit "has not yet weighed in" on the issue of "whether Heck bars §1983 suits by plaintiffs who are not in custody and thus for whom habeas relief is not available"); Vickers v. Donahue, 137 Fed. Appx. 285, 289 (11 Cir. 2005) (noting "we have not explicitly ruled on whether a plaintiff who has no federal habeas remedy available to him may proceed under §1983 despite the fact that success on the merits would undermine the validity of, in this case, an order of revocation and the resulting nine month sentence").

Because it is not clear that this case is Heck-barred, either because the plaintiff has a post-conviction remedy or because he filed this action while he was still in custody, it is recommended that the Fourth Amendment claims against Porter proceed.

The plaintiff seeks to sue the defendant Porter in his individual and official capacities.  A §1983 suit against the defendant in his official capacity is tantamount to a suit against the State, and thus the defendant would be immune from monetary damages based upon the Eleventh Amendment. Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1512-13 (11 Cir.

1986).  The allegations of the complaint, however, state a classic case of an official acting outside the scope of his duties and in an arbitrary manner.  Scheuer v. Rhodes, 416 U.S. 232, 238 (1974).  Under this construction of the complaint, this Court has jurisdiction over the defendant in his individual capacity.

### III.   Recommendation

It is therefore recommended that:

1.   The First Amendment and Eighth Amendment claims against the defendant Porter be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted; and

2.   The Fourth Amendment claim against Porter proceed beyond this screening, in his individual capacity.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 16th day of September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Cleveland Jones, Pro Se
      2658 Fletcher Court
      Hollywood, FL 33020